AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the

### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Three cellular phones, currently in evidence at the<br>Tacoma DEA, 1250 Pacific Ave. #850, Tacoma, WA<br>98402, as further described in Attachment A | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   MJ18-062 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Three cellular phones, currently at the Tacoma DEA, 1250 Pacific Ave. #850, Tacoma, WA 98402, as further described in Attachment A

located in the    **Western**    District of    **Washington**    , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B for a list of information to be disclosed

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

   ☑ evidence of a crime;

   ☑ contraband, fruits of crime, or other items illegally possessed;

   ☑ property designed for use, intended for use, or used in committing a crime;

   ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C. § 841(a)(1) | Possession of Methamphetamine with Intent to Distribute |
| Title 21, U.S.C. § 841(b)(1)(a) | |

The application is based on these facts:

See attached Affidavit of DEA Task Force Officer Ryan J. Hamilton

   ☑ Continued on the attached sheet.

   ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Ryan J. Hamilton, TFO DEA
*Printed name and title*

Sworn to before me pursuant to CrimRule 4.1.

Date: **Feb 13, 2018**

_____
*Judge's signature*

City and state:   Seattle, Washington

United States Magistrate Judge James P. Donohue
*Printed name and title*

# AFFIDAVIT OF RYAN HAMILTON

STATE OF WASHINGTON      )
                             )    ss
COUNTY OF KING             )

I, Ryan J. Hamilton, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AFFIANT BACKGROUND

1.      I am an officer with the Lakewood (WA) Police Department and am currently assigned as a Task Force Officer (TFO) with the DEA out of Tacoma, WA. I have been a Police Officer since October, 2001, responsible for investigating and enforcing violations of law. During my time with the Lakewood Police Department, I have been assigned as a member of the Lakewood Special Operations (Narcotics, Gangs, and Vice) unit twice, the FBI South Sound Gang Task Force (TFO), Lakewood Firearms Instructor cadre, as well as the Police Training Officer (Training new officers) cadre. My training includes the Washington State Basic Law Enforcement Academy, 80 hour Narcotic Investigators Course, 80 hour Undercover Officer Course, 80 hour Handgun Instructor Course, 40 hour Rifle Instructor Course, 80 hour Police Training Officer (PTO) course. In addition, I have participated in hundreds of narcotic related investigations as a member of these various teams.

2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the following digital devices,[1] to wit:

---

[1] "Digital device" includes any device capable of processing and/or storing data in electronic form, including, but not limited to: central processing units, laptop, desktop, notebook or tablet computers, computer servers, peripheral input/output devices such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media, related communications devices such as modems, routers and switches, and electronic/digital security devices, wireless communication devices such as mobile or cellular telephones and telephone paging devices, personal data assistants ("PDAs"), iPods/iPads, Blackberries, digital cameras, digital gaming devices, global positioning satellite devices (GPS), or portable media players.

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 1

a.      One Motorola, Model XT1766, cellular phone bearing "Track ID" number ZY224J8KDS, MEID (DEC) #256691544206719378, SIM card #89011202000077436217 seized from inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA.  This phone is currently being held in evidence at the Tacoma DEA office as Exhibit N-6.

b.      One AlcaTel, Model 50492, cellular phone bearing IMEI #014940001252213 with SIM card #8901260083980365177 seized from inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA. This phone is currently being held in evidence at the Tacoma DEA office as Exhibit N-7.

c.      One ZTE, Model Z799VL, cellular phone bearing Serial #329F75300DB6, IMEI(DEL) #990006897091400, with SIM card #8914800003491446725 seized from inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA.  This phone is currently being held in evidence at the Tacoma DEA office as Exhibit N-8

(together, hereinafter, the "SUBJECT DEVICES"), and the extraction from the SUBJECT DEVICES of electronically stored information described in Attachment B.  In my training and experience, I know that the SUBJECT DEVICES has/have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as it was when the SUBJECT DEVICES first came into the possession of law enforcement.

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          3.       The warrant would authorize the forensic examination of the SUBJECT

2    DEVICES for the purpose of identifying electronically stored data particularly described

3    in Attachment B.

4          4.       The facts set forth in this Affidavit are based on my own personal

5    knowledge; knowledge obtained from other individuals during my participation in this

6    investigation, including other law enforcement officers; review of documents and records

7    related to this investigation; communications with others who have personal knowledge

8    of the events and circumstances described herein; and information gained through my

9    training and experience.  Because this Affidavit is submitted for the limited purpose of

10   establishing probable cause in support of the application for a search warrant, it does not

11   set forth each and every fact that I or others have learned during the course of this

12   investigation.  I have set forth only the facts that I believe are necessary to establish

13   probable cause to believe that evidence, fruits and instrumentalities of violations of

14   Possession of Methamphetamine with Intent to Distribute, in violation of Title 21, United

15   States Code, Sections 841(a)(1) and 841(b)(1)(a) and Alien in Possession of a Firearm, in

16   violation of Title 18, United States Code, Section 922(g)(5), will be found on the

17   SUBJECT DEVICES, which are further described in Attachment A, which is attached to

18   this Affidavit and incorporated herein by reference.

19                                **THE INVESTIGATION**

20         5.       On December 11, 2017, DEA Agents arrested a subject for multiple sales of

21   methamphetamine.  This subject, referred to as RC through this affidavit, was the subject

22   of an investigation where RC sold to an undercover (UC) officer on two controlled

23   occasions, totaling approximately 1.5 pounds of seized methamphetamine.  During one of

24   the buys, RC told the UC that he was waiting for his "Mexican" supplier to arrive with

25   product.  DEA Agents witnessed RC meet up with suspected source of supply Rene

26   BORROEL-LOPEZ.  Immediately after this meeting, RC drove straight to the UC officer

27   and sold one pound of methamphetamine.

28

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        6.      Upon his arrest, RC agreed to cooperate by arranging a meeting with his

2 source of supply. Suspecting that BORROEL-LOPEZ was the source of supply RC was

3 referring to, I showed RC a photo of BORROEL-LOPEZ. RC positively identified

4 BORROEL-LOPEZ as his source of supply for methamphetamine. RC told me that

5 BORROEL-LOPEZ was expecting money for two pounds of methamphetamine that had

6 been fronted by BORROEL-LOPEZ to RC.

7        7.      RC, after waiving his Miranda rights, allowed me to search his phone

8 (though a Pierce County Superior Court search warrant also granted the same search) for

9 BORROEL-LOPEZ's phone number. RC had multiple phone numbers for BORROEL-

10 LOPEZ. RC confirmed that BORROEL-LOPEZ frequently liked to change the phone

11 number he would use. RC told me that the correct phone number that BORROEL-

12 LOPEZ was now using was the (206) 853-8085 number. I noticed that there was a recent

13 received text message on RC's phone from that number asking how things were going.

14        8.      While myself and other agents were speaking to RC, additional agents  set

15 up surveillance on BORROEL-LOPEZ's known address of 25856 34th Ave S in Kent,

16 WA. They observed a 2007 GMC Yukon (WA-BEP6721) in the driveway, which was

17 registered to BORROEL-LOPEZ at the same address.

18        9.      In my presence, RC replied to BORROEL-LOPEZ's earlier text,

19 stating that he had BORROEL-LOPEZ' money and that he needed two

20 more "Tacos." RC informed me that "Tacos" was their code for whole pound packages

21 of methamphetamine. BORROEL-LOPEZ replied that he would be able to do that and

22 set up a meet location at the Safeway in Kent, which RC confirmed was located at 1110

23 W. Meeker St in Kent. While this information was being passed along to other agents,

24 BORROEL-LOPEZ text RC back and asked him if he wanted any "Black" which agents

25 knew to be a reference to heroin. RC confirmed that it was a reference for heroin. RC

26 texted BORROEL-LOPEZ back stating that he would take the "Black."

27

28

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.     Agents set up surveillance in the Safeway parking lot.  SA Rodman and I transported RC to the area of the Safeway parking lot but parked far enough out of the area to not be involved.

11.     At approximately 8:40 p.m., Agents observed BORROEL-LOPEZ exit his residence in Kent, get into the 2007 GMC Yukon and drive away from the residence.  DEA agents followed the vehicle away from the residence.  They followed the vehicle to a store close to the meet location where an adult female was dropped off.  There was no observed meeting between BORROEL-LOPEZ and anyone at this location.

12.     Knowing that BORROEL-LOPEZ had driven past the meet location, I had RC text BORROEL-LOPEZ for an "ETA."  BORROEL-LOPEZ texted back stating that he would be there shortly and that they would meet at the nearby Taco Bell, located at 322 Washington Ave S, in Kent, WA.

13.     Agents followed BORROEL-LOPEZ from this store to the meet location.  BORROEL-LOPEZ's vehicle drove through the Safeway Parking lot and drove towards the Taco Bell.  Once the vehicle had committed to the Taco Bell parking lot, Lakewood PD Investigator Conlon conducted a traffic stop of BORROEL-LOPEZ's vehicle with his department issued vehicle which was equipped with red/blue lights as well as a siren.  BORROEL-LOPEZ was placed into custody without incident.

14.     BORROEL-LOPEZ's wallet was searched.  Folded inside US Currency inside the wallet was a small amount of suspected powder cocaine.  BORROEL-LOPEZ's vehicle was searched by DEA agents.   By the feet of a child in the back seat, they located a black plastic bag, which contained a ziplock-style bag filled with what appeared to be methamphetamine.  In addition to the narcotics located, agents located three cell phones (the SUBJECT DEVICES) inside BORROEL-LOPEZ's vehicle.  The suspected drugs and the SUBJECT DEVICES were seized, and I subsequently transferred BORROEL-LOPEZ'S three cell phones into evidence at the Tacoma DEA Office.

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15.    Agents told BORROEL-LOPEZ they believed that he had also brought heroin with him to the parking lot, and asked if it was located in the vehicle.  BORROEL-LOPEZ then motioned to his front jeans pocket and said that it was in his pocket. After a pat-down of BORROEL-LOPEZ, agents located a plastic baggie containing a dark-colored substance approximately the size of a Ping-Pong ball, in BORROEL-LOPEZ's front left jeans pocket.

16.    Agents later searched BORROEL-LOPEZ's residence based on consent obtained from his wife, and an additional vehicle found at the residence, which BORROEL-LOPEZ's brother told agents that BORROEL-LOPEZ used.  After a K-9 indicated on the additional vehicle, it was also searched and a Colt .38 revolver was found inside.  When questioned about the revolver, BORROEL-LOPEZ said it was not his, but that his fingerprints would be found on the gun

## TECHNICAL TERMS

17.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a.    Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.    Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c.    IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every device attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that device may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.

18.    Based on my training, experience, and research, I know that the SUBJECT DEVICES has/have numerous capabilities, including as a wireless telephone, a digital camera, a portable media player, a GPS navigation device, a PDA, and as a way to access the Internet.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

19.    Based on my knowledge, training, and experience, I know that digital devices and electronic storage media can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device used to access the Internet.  This information can sometimes be recovered with forensic tools.

20.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICES was/were used, the purpose of its/their use, who used it/them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICES because:

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.      Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.      A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.      The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21.    *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 8

## SPECIALIZED KNOWLEDGE REGARDING CELLULAR TELEPHONES

21.     Based upon my training and experience, I know that drug dealers almost always use cellular telephones as a tool or instrumentality in committing their criminal activity.  They use them to maintain contact with their suppliers, distributors, and customers.  They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require.  Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs.  Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily.

22.     Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime.  This includes the following:

a.     The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (ESN (Electronic Serial Number), MIN (Mobile Identification Number), IMSI (International Mobile Subscriber Identity), or IMEI (International Mobile Equipment Identity) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely identify the telephone.  This information can be used to obtain toll records, to identify contacts by this telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source or was intercepted on a wiretap here or in another district.

b.     The stored list of recent received calls and sent calls is important evidence.  It identifies telephones recently in contact with the telephone user.  This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts.  If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or observed meeting.  Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user.  Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      Stored text messages are important evidence, similar to stored numbers.  Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

d.      Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user.  Pictures also identify associates likely to be members of the drug trafficking organization.  Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs.

e.      Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

## SEARCH TECHNIQUES

23.      Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant I am applying for will permit imaging or otherwise copying all data contained on the SUBJECT DEVICES, and will specifically authorize a review of the media or information consistent with the warrant.

24.      In accordance with the information in this affidavit, law enforcement personnel will execute the search of the SUBJECT DEVICES  pursuant to this warrant as follows:

**A. Securing the data:**

i.      In order to examine the ESI in a forensically sound manner, law enforcement personnel with appropriate expertise will attempt to produce a complete forensic image, if possible and appropriate, of the SUBJECT DEVICES.

ii.      Law enforcement will only create an image of data physically present on or within the SUBJECT DEVICES.  Creating an image of the SUBJECT DEVICES will not result in access to any data physically located elsewhere.  However, a SUBJECT DEVICES that has/have previously connected to devices at other locations may contain data from those other locations.

**B. Searching the Forensic Images**

i.      Searching the forensic images for the items described in Attachment B may require a range of data analysis techniques.  In some cases, it is possible for agents and analysts to conduct carefully targeted searches that can locate evidence without requiring

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  a time-consuming manual search through unrelated materials that may be commingled
2  with criminal evidence.  In other cases, however, such techniques may not yield the
   evidence described in the warrant, and law enforcement may need to conduct more
3  extensive searches to locate evidence that falls within the scope of the warrant.  The
4  search techniques that will be used will be only those methodologies, techniques and
   protocols as may reasonably be expected to find, identify, segregate and/or duplicate the
5  items authorized to be seized pursuant to Attachment B to this affidavit.

6                                **CONCLUSION**

7         25.    I submit that this Affidavit supports probable cause for a search warrant
8  authorizing the examination of the following devices:
9

10        a.     One Motorola, Model XT1766, cellular phone bearing "Track ID"
11  number ZY224J8KDS, MEID (DEC) #256691544206719378, SIM card
12  #89011202000077436217 seized from inside a 2007 GMC Yukon
13  registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot
14  located at 322 Washington Ave S in Kent, WA.  This phone is currently
15  being held in evidence at the Tacoma DEA office as Exhibit N-6.

16        b.     One AlcaTel, Model 50492, cellular phone bearing IMEI
17  #014940001252213 with SIM card #8901260083980365177 seized from
18  inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ
19  at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA.
20  This phone is currently being held in evidence at the Tacoma DEA office as
21  Exhibit N-7.

22        c.     One ZTE, Model Z799VL, cellular phone bearing Serial
23  #329F75300DB6, IMEI(DEL) #990006897091400, with SIM card
24  #89148000003491446725 seized from inside a 2007 GMC Yukon
25  registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot
26  located at 322 Washington Ave S in Kent, WA.  This phone is currently
27  being held in evidence at the Tacoma DEA office as Exhibit N-8
28

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

as described in Attachment A, attached hereto and incorporated by reference, to seek the

items described in Attachment B, attached hereto and incorporated by reference.

RYAN J. HAMILTON, Affiant
Task Force Officer (TFO)
DEA – TACOMA DIVISION

SUBSCRIBED AND SWORN before me this _13th_ day of _February_, 2018.

THE HONORABLE JAMES P. DONOHUE
Chief United States Magistrate Judge

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT A**

**ITEMS TO BE SEARCHED**

1.       One Motorola, Model XT1766, cellular phone bearing "Track ID" number ZY224J8KDS, MEID (DEC) #256691544206719378, SIM card #89011202000077436217 seized from inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA. This phone is currently being held in evidence at the Tacoma DEA office and is listed as Exhibit N-6.

2.       One AlcaTel, Model 50492, cellular phone bearing IMEI #014940001252213 with SIM card #8901260083980365177 seized from inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA. This phone is currently being held in evidence at the Tacoma DEA office and is listed as Exhibit N-7.

3.       One ZTE, Model Z799VL, cellular phone bearing Serial #329F75300DB6, IMEI(DEL) #990006897091400, with SIM card #89148000003491446725 seized from inside a 2007 GMC Yukon registered to suspect Rene BORROEL-LOPEZ at the Taco Bell parking lot located at 322 Washington Ave S in Kent, WA. This phone is currently being held in evidence at the Tacoma DEA office and is listed as Exhibit N-8

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

## ITEMS TO BE SEARCHED FOR AND SEIZED

The items to be searched for and seized are the following:

1. Assigned telephone number and identifying serial number (e.g., ESN, MIN, IMSI, IMEI)

2. Stored list of received, sent, or missed calls;

3. Stored contact information;

4. Stored photographs of narcotics, currency, guns, or other weapons, suspected criminal activity, and/or the user of the phone or co-conspirators, including any embedded GPS data associated with those photographs; and

5. Stored text messages.

AFFIDAVIT OF RYAN HAMILTON
USAO#: 2017R01296 - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970